FILED

OCT 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RONALD E. WALTON,

    Plaintiff - Appellant,

  v.

J. BUTLER; et al.,

    Defendants - Appellees.

No. 11-17480

D.C. No. 2:09-cv-00479-GEB-
EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

     Ronald E. Walton, a former California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth

Amendment and due process violations. We have jurisdiction under 28 U.S.C.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Walton's deliberate indifference claim because Walton failed to raise a genuine dispute of material fact as to whether defendants were aware of a risk to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to state a claim for deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

The district court properly granted summary judgment on Walton's due process claim because Walton failed to raise a genuine dispute of material fact as to whether he was improperly denied procedural protections during his rules violation hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 570 (1974) (explaining circumstances where a prisoner might be entitled to assistance during disciplinary hearings).

Walton's contentions concerning retaliation are unpersuasive.

**AFFIRMED.**